IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HALEY GALBREATH**                                                    **PETITIONER**

**VS.**                  **NO. 4:22-CV-00284-BRW-ERE**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction[1]**                              **RESPONDENT**

## ORDER

On March 28, 2022, Haley M. Galbreath, an inmate at the Wrightsville Women's Facility of the Arkansas Division of Correction ("ADC"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, through counsel. This order notifies Ms. Galbreath that her petition contains several deficiencies that she must correct before her habeas claims can proceed.

### I.  BACKGROUND

On January 22, 2019, Ms. Galbreath pleaded guilty to drug charges filed in a criminal case in the Circuit Court of Clay County, Arkansas ("*Galbreath I*"), and she received 36 months' probation. *Doc. 1 at 322*. On July 12, 2019, Ms. Galbreath

---

[1] The § 2254 Petition names as Wendy Kelley as the Respondent. The correct Respondent is Dexter Payne, the Director of the Arkansas Division of Correction, who is the state officer having custody of Petitioner. *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority"); Rule 2(a), Rules Governing § 2254 Cases in United States District Courts.

pleaded guilty to violating the terms of her probation in *Galbreath I* (*Id. at 340-41*), and the Circuit Court sentenced her to 36 months in prison, with transfer to the Arkansas Division of Community Correction Center, plus an additional 36-months suspended sentence. *Id. at 344-49*. On November 10, 2020, Ms. Galbreath was released on parole. *Id. at 360-61*.

On March 16, 2021, while Ms. Galbreath was released on parole, officers arrested her in connection with a report that she had bitten off part of a woman's ear. *Id. at 220*. This incident led to the revocation of Ms. Galbreath's parole in *Galbreath I*, and charges for first-degree battery, second-degree battery upon a law enforcement officer, resisting arrest, and first-degree criminal mischief were filed against her in in a separate criminal case (*"Galbreath II"*) in the Circuit Court of Lawrence County. *Id. at 131-132*.

Ms. Galbreath moved to dismiss the charges in *Galbreath II*, arguing that she was involuntarily intoxicated at the time of the charged conduct, thus negating any intent to commit the crimes. *Doc. 1 at 139*. The Lawrence County Circuit Court denied the motion, finding that the assertion of involuntary intoxication was an issue for trial. *Id. at 303*.

On January 31, 2022, Ms. Galbreath filed an emergency petition for writ of certiorari and writ of habeas corpus with the Supreme Court of Arkansas requesting, among other things, that the Court vacate the revocation of her parole in *Galbreath*

*I* and dismiss the charges then pending against her in *Galbreath II*. Pet., *Galbreath v. Arkansas*, No. CR-22-71 (Sup. Ct. Ark. Jan. 31, 2022). On February 3, the Arkansas Supreme Court issued a one-sentence order, denying Ms. Galbreath's petition. Order, *Galbreath v. Arkansas*, No. CR-22-71 (Sup. Ct. Ark. Feb. 1, 2022).

The Court takes judicial notice that on April 25, 2022, Ms. Galbreath pleaded *nolo contendere* to all charges then pending against her in *Galbreath II*, and the Circuit Court sentenced her to serve 48 months in prison. Plea & Waiver, *Galbreath II* (Lawrence Cty. Cir. Court April 25, 2022); Sentencing Order *Galbreath II* (Lawrence Cty. Cir. Court April 25, 2022).

On March 28, 2022, *before* entering her guilty plea in *Galbreath II*, Ms. Galbreath filed the § 2254 petition now before the Court. Ms. Galbreath challenges: (1) the criminal charges that were *previously* pending against her in *Galbreath II*; and (2) the revocation of her parole in *Galbreath I*, on March 31, 2021. She asks that the Court: (1) vacate the revocation of her parole in *Galbreath I;* and (2) dismiss the charges "pending" against her in *Galbreath II*. Doc. 1 at 21.

## II.  DISCUSSION

Ms. Galbreath's petition is deficient. First, she failed to use the proper form.[2]

---

[22] Ms. Galbreath's petition incorporates the entirety of her unsuccessful emergency petition for writ of certiorari and writ of habeas corpus filed with the Supreme Court of Arkansas in January 2022. Incorporation of that petition, with no revision, makes it difficult to distinguish Ms. Galbreath's arguments made before the Arkansas Supreme Court from those she asserts in support of federal habeas relief.

Local Rule 9.1 provides:

> All actions under . . . 28 U.S.C. § 2254 . . . filed in this district by incarcerated persons shall be submitted on the court-approved forms supplied by the Court unless a district judge or magistrate judge, upon finding that the complaint is understandable and that it conforms with local rules and the Federal Rules of Civil Procedure, in his or her discretion, accepts for filing a complaint that is not submitted on the approved form.

Local Rule 9.1 of the United States District Court for the Eastern and Western Districts of Arkansas; see also Rule 2(d), Rules Governing § 2254 Cases in the United States District Courts (requiring that a § 2254 petition substantially follow standard form appended to Rules or prescribed by local rule).

Second, Ms. Galbreath is precluded from challenging, in a *single* § 2254 petition, judgments issued by the Circuit Court of Clay County in *Galbreath I*[3] and the Circuit Court of Lawrence County in *Galbreath II*. See Rule 2(e) ("A petitioner seeking relief from the judgments of more than one state court must file a separate petition covering the judgment of judgments of each court.").

Third, given Ms. Galbreath's April 25, 2022 plea, her request that this Court dismiss the charges previously pending against her in *Galbreath II* is moot, among other obstacles to relief.[4] In addition, a valid plea of guilty or *nolo contendere*

---

[3] "Although the revocation of [a petitioner's] parole is an administrative action, it is considered to be pursuant to a judgment of a state court, properly governed by . . . 28 U.S.C. § 2254 . . . ." *Van Zant v. Florida Parole Commission*, 308 Fed. App'x 332, 334 (11th Cir. 2009).

[4] Regardless of Ms. Galbreath's plea in *Galbreath II*, the Court could not grant the requested relief. First, Ms. Galbreath asks the Court to dismiss pending criminal charges, and §

4

"forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 994) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)).

As it stands, Ms. Galbreath's habeas petition regarding *Galbreath II* is subject to dismissal. In addition, pursuing a claim from the judgment recently entered in that case would be subject to dismissal for failure to exhaust available state remedies.[5] Therefore, Ms. Galbreath may elect to postpone her pursuit of federal habeas claims as to *Galbreath II* and submit an amended habeas petition in this case limited to the revocation of her parole in *Galbreath I*.[6]

---

2254 provides a *post-judgment* remedy, available only to "a person in custody under a state-court judgment . . . . " 28 U.S.C. § 2254(a).  The only potential source of federal habeas relief for a pretrial detainee in state custody is 28 U.S.C. § 2241. See *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (recognizing that a state pretrial detainee can challenge both his current confinement and possible future confinement under § 2241(c)(3) after exhausting all available state remedies).  Second, absent extraordinary circumstances, not present in this case, a federal habeas court has no authority to bar a pending state criminal prosecution. *Braden v.* 410 U.S. at 493 ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

[5] Before filing a § 2254 habeas petition, a state inmate is required by statute to exhaust her available state remedies, see 28 U.S.C. § 2254(b)(1)(A), and the issue of exhaustion issue may be raised by the court, *sua sponte*. See *McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990).  In addition, as a matter of comity, a federal court should decline to review a habeas claim by a state prisoner until the state courts receive an opportunity to review the claim and correct any error. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).
Here, Ms. Galbreath entered her plea in *Galbreath II* on April 25, 2022, and it is not possible that she has exhausted her administrative remedies with respect to the judgment in that case. To do so, she must: (1) present to the state trial court any legal challenge she has based on an alleged violation of federal constitutional law; and (2) then appeal the trial court's denial of her federal constitutional claim(s) to the highest available state appellate court.

[6] It is not clear whether Ms. Galbreath exhausted her available state remedies with respect

5

Should Ms. Galbreath decide to ignore the impediments to habeas relief concerning *Galbreath II* and seek habeas relief from judgments in both *Galbreath I* and *Galbreath II*, she must file *separate* petitions, using Form AO 241, which the Court will provide to her attorney.

## III. CONCLUSION

IT IS THEREFORE ORDERED that:

(1)  If Petitioner wishes to continue with this action, she must, **on or before June 9, 2022**, file an amended petition, using Form AO 241, and limit her habeas claims to the judgment(s) of *one* state court.

(2)  If Petitioner wishes to pursue habeas relief with respect to the judgment(s) of an additional state court, she must file a separate habeas action, using Form AO 241.

(3)  The Clerk of Court is directed to mail Petitioner's attorney two (2) copies of the form for § 2254 petitions (Form AO 241).

---

to the revocation of her parole on March 31, 2021. See *Veneri Missouri,* 734 F.2d 391, 393 (8th Cir. 1984) (holding that a claim challenging a parole revocation as unconstitutional is cognizable under § 2254 and subject to dismissal for failure to exhaust available state court remedies).

Parole revocation by the Arkansas Parole Board is an administrative action governed by the Arkansas Administrative Procedure Act ("APA"), which requires that a person seeking review of final agency action file a petition within thirty days of the agency's final decision in the appropriate circuit court. Ark. Code. § 25-15-212; see also *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991) (holding that an inmate asserting a constitutional claim is entitled to judicial review under the APA).

(4)     The Clerk of Court is directed to change the name of Respondent to Dexter Payne, Director, Arkansas Division of Correction.

(5)     Service of the Petition is not currently appropriate.

DATED, this 9th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE